In the Matter of the Claim of TOMMASO GABRIELLI, Respondent, against THE CITY OF NEW YORK, Employer, and SPECIAL FUND FOR REOPENED CASES UNDER SECTION 25-A, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the Special Fund for Reopened Cases under Section 25-a of the Workmen's Compensation Law from a decision of the State Industrial Board in favor

of claimant. The sole question involved is whether or not the claim is barred by reason of claimant's failure to file a formal claim. Claimant was employed as a laborer by the department of plant and structures of the city of New York. On October 1, 1928, while engaged in the regular course of his employment and while lowering a heavy scaffold he sustained a strain in the region of the right groin which caused him to suffer an inguinal hernia. On the day following the accident the employer filed a report of injury which recited the happening of the accident. In this report it was admitted that the employer provided medical attention. On October 18, 1928, the corporation counsel of the city executed a notice of controversy and filed the same with the Department of Labor. In this notice there was an admission of claimant's injury. A number of hearings were held between December 26, 1928, and April 18, 1929. Claimant was not notified of these hearings and did not attend the same. On April 18, 1929, the case was closed without prejudice because of the non-appearance of claimant. About a month after the accident the employer provided claimant with a truss. Thereafter claimant performed light work for the employer. Later on a second truss was furnished by the employer. On December 13, 1938, the corporation counsel of the city notified the State Industrial Board a second time as to claimant's injuries and advised the Board that he required a new truss. The record discloses that the employer had complete knowledge of claimant's injuries and provided immediate medical attention for him and continued claimant in its employ and paid him his regular wages. The State Industrial Board found that the employer had made advance payments of compensation within the meaning of section 28 of the Workmen's Compensation Law. The evidence sustains the findings of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.